UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETTE LEE CHANEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>　　　　Defendant. | **Case No.: 1:14-cv-00638-GSA**<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**I.　INTRODUCTION**

Plaintiff Everette Lee Chaney ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income ("SSI") and disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[1]

**II.　BACKGROUND AND PRIOR PROCEEDINGS**[2]

Plaintiff was 57 years old at the time of his hearing before the Social Security Administration. AR 27. He completed high school and one year of college. AR 28. Plaintiff most

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 6, 8.)
[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

recently worked from as a janitor 2006 to 2009. AR 31, 198. His employment ended because he was incarcerated in 2009, but he was released in March 2010. AR 28, 193, 255. Plaintiff has one child and is unmarried. AR 27. He lives in a house with one roommate. AR 28.

Plaintiff's alleged physical conditions include scoliosis, screws in his left ankle, and high blood pressure. AR 193. He takes (or has taken) Vicodin, Nexium, Lisinopril, and Hydrodiuril to manage his symptoms. AR 241.

On February 14, 2011, Plaintiff filed applications for disability insurance benefits and SSI under Titles II and XVI. AR 162-171, 172-180. The applications were denied initially on July 14, 2011 and on reconsideration on January 26, 2012. AR 89-91, 92-95, 97-101. Plaintiff filed a request for a hearing on February 22, 2012. AR 126-130. The hearing was conducted before Administrative Law Judge Sharon L. Madsen (the "ALJ") on November 20, 2012. AR 131. On December 14, 2012, the ALJ issued an unfavorable decision determining that Plaintiff was not disabled. AR 11-18. Plaintiff filed an appeal of this decision with the Appeals Council. The Appeals Council denied his appeal, rendering the order the final decision of the Commissioner. AR 1-3.

Plaintiff now challenges the ALJ's decision, arguing that the ALJ incorrectly rejected the opinion of consulting examiner Sarah Song, M.D. Specifically, he argues that the ALJ mischaracterized Dr. Song's findings that Plaintiff's physical examination was "essentially normal" and thus failed to offer legitimate reasons for rejecting portions of Dr. Song's opinion. (Opening Brief 10:5-11:6, ECF No. 13.) He further argues that, because the ALJ rejected Dr. Song's opinion, she prematurely ended the disability inquiry and found Plaintiff "not disabled." (Opening Brief, 13:19-148, ECF No. 13.)

Defendant responds that: (1) Dr. Song's findings were contradicted by other physicians in the record; (2) Dr. Song's findings were only based on Plaintiff's self-reported symptoms and were thus not credible; (3) Plaintiff's daily activities were inconsistent with Dr. Song's findings; and, (4) the conservative course of treatment prescribed to Plaintiff was inconsistent with Dr. Song's findings. (Opposition Brief 4:2-9, 5:21-28, ECF No. 17.)

///

### III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f) and 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[3] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work,[4] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f)

---

[3] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c).

[4] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545 and 416.945. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

and 416.920(a)-(f).

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 11-18. In particular, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2009, the date specified in his application. AR 13. Further, the ALJ identified lumbar spondylolysis and spondylolisthesis, thoracolumbar scoliosis status post two surgeries, and left ankle fracture status post open reduction internal fixation as severe impairments. AR 13. Nonetheless, the ALJ determined at step two of the five-step process that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months. AR 13.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and carry 20 pounds occasionally and 10 frequently; stand, sit and walk, 6 to 8 hours in an eight hour day." AR 14. As a result, Plaintiff could perform his past relevant work as a commercial cleaner.[5] AR 17.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

///

///

---

[5] Although the Dictionary of Occupational Titles describes the Commercial Cleaner position as one requiring heavy work, the vocational expert reviewed the previously performed job duties described by Plaintiff and determined that his past work was performed at only a light level of exertion. AR 18.

V. **DISCUSSION**

**A. The Relevant Medical Evidence**

Plaintiff contends that the ALJ failed to provide legitimate reasons for rejecting the opinion of consultative examiner Sarah Song, M.D. To reach this conclusion, the ALJ considered a number of different medical opinions.

*i. Juliane Tran, M.D.*

Dr. Tran, a consultative examiner, conducted an orthopedic evaluation of Plaintiff on November 25, 2005. AR 285. She noted, among other things, that Plaintiff had a slightly limited range of motion in the lumbar region of his back and mild to moderate scoliosis. AR 287. She also observed that his right leg was one-quarter inch longer than his left leg. AR 287. She diagnosed scoliosis, status post surgery and status post left ankle surgery, although she noted that Plaintiff's "gait is normal and non-antalgic." AR 288. She ultimately concluded that Plaintiff would be "restricted from activities involving lifting more than 50 pounds occasionally and 25 pounds frequently." AR 288. He also would be restricted from: activities involving frequent bending, stooping, crouching; activities involving standing and walking more than six hours total a day; activities involved prolonged sitting of more than six hours; and activities involving frequent climbing, balancing, working with heights, and frequent negotiation of steps and uneven terrain. AR 288.

The ALJ accorded Dr. Tran limited weight, saying that a more limited lifting restriction was consistent with the other evidence in the medical record. AR 15.

*ii. Sarah Song, M.D.*

Dr. Song completed a consultative examination of Plaintiff on June 25, 2011. Plaintiff told Dr. Song that he could only sit "for an hour at a time and stand for 30 minutes at a time." AR 268. During the examination, Dr. Song found that Plaintiff had a slightly limited range of motion in the lumbar region of his back. AR 269. Dr. Song's observations as to the degree of limitation in the range of motion largely agreed with Dr. Tran's findings. AR 269, 287. She also noted "mild scoliosis." AR 270. Like Dr. Tran, Dr. Song observed that Plaintiff's right leg was approximately one quarter inch longer than his left leg. AR 270. Dr. Song concluded that Plaintiff "can lift and

carry 20 pounds occasionally and 10 pounds frequently." AR 271. She also opined that he "can stand and walk two to four hours out of an eight hour day" and "can sit without restriction." AR 271. In Dr. Song's opinion, Plaintiff would be limited in his ability to engage in "frequent climbing, stooping, kneeling, balancing, crouching and crawling." AR 271. Dr. Song is board certified in neurology. AR 272. The ALJ afforded Dr. Song's opinion limited weight, saying that the "restriction of 2 – 4 hours standing and walking is not supported by the essentially normal physical examination, including observations that the claimant was able to ambulate successfully with only a notation of him 'slightly' favoring his right leg." AR 16. The ALJ adopted Dr. Song's lift and carry restrictions, however. AR 14.

### iii.  Hong Zheng, D.O.

Dr. Zheng treated Plaintiff on at least two occasions at Community Regional Medical Center in 2012. On March 27, 2012, Dr. Zheng examined Plaintiff and found that he had a normal gait, but that his blood pressure was not well controlled. AR 355, 356. He noted Plaintiff's scoliosis, prescribed Vicodin, and referred him to physical therapy.[6] AR 356. On July 13, 2012, Plaintiff again saw Dr. Zheng for a follow up appointment and asked Dr. Zheng to fill out a form. AR 325. The form, a County of Fresno Employment and Temporary Assistance form, contained a checkbox indicating that Plaintiff was not able to work. AR 302. Dr. Zheng checked that box, but also checked a different box on the form indicating that Plaintiff was capable of performing limited full-time work and that Plaintiff would be able to work on July 13, 2013. AR 302, 303. Dr. Zheng did not provide any other explanation on the form.

### iv.  Judith Forte, M.D.

Dr. Forte, a reviewing physician, examined Plaintiff's medical records on July 14, 2011. AR 281. Although she agreed with Dr. Song that Plaintiff was restricted in lifting and carrying only 20 pounds occasionally and 10 pounds frequently, she found that Plaintiff was capable of standing and walking for approximately 6 hours in an 8 hour workday and could sit for about 6 hours in an 8 hour workday. AR 275. She also observed that the objective findings of Dr. Song's

---

[6] Plaintiff completed 3 physical therapy sessions between May 8, 2012 and July 23, 2012. AR 307. After three sessions, Plaintiff and his physical therapist decided to end the therapy unless or until Plaintiff could "keep a higher frequency of visits per week." AR 307. It is not clear why Plaintiff only saw the therapist 3 times.

examination did not support her conclusions, based on Dr. Song's observation that Plaintiff had a normal ability to ambulate. AR 281. The ALJ gave Dr. Forte great weight based on the objective findings in the medical record. AR 17.

### v. *Ernest Wong, M.D.*

Dr. Wong, a reviewing physician, reviewed Plaintiff's medical records on January 23, 2012. AR 299. Dr. Wong affirmed Dr. Forte's conclusions, saying that Dr. Song's recommendation of standing/walking restrictions was not supported by the record. AR 299.

### B. Legal Standards

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining (reviewing) professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

An ALJ may reject an *uncontradicted* opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a *contradicted* opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Lester*, 81 F.3d at 830. While a treating professional's opinion is generally accorded superior weight, if it is contradicted by an examining professional's opinion (when supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995), *citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). The regulations require the ALJ to weigh the contradicted treating physician opinion, *Edlund v. Massanari*, 253 F.3d 1152 (9th Cir.2001), except that the ALJ need not give it any weight if it is conclusory and supported by minimal clinical findings. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); *see also Magallanes*, 881 F.2d at 751.

The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990);

*Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Such independent reasons may include laboratory test results or contrary reports from examining physicians, and plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

### C. The ALJ Appropriately Considered Dr. Song's Findings

The ALJ adopted the portion of Dr. Song's findings with respect to lifting and carrying restrictions into the RFC, but declined to adopt Dr. Song's findings with respect to Plaintiff's ability to sit, stand, and walk for prolonged periods of time. AR 14. Because Dr. Song's opinion is more restrictive than the opinions of Drs. Wong, Forte, and Tran, the ALJ need only have provided specific and legitimate reasons supported by substantial evidence to reject Dr. Song's opinion.

The ALJ includes a lengthy discussion of her consideration of Dr. Song's restrictions:

> The restriction of 2 – 4 hours standing and walking is not supported by the essentially normal physical examination, including observations that the claimant was able to ambulate successfully with only a notation of him "slightly" favoring his right leg.
>
> Community Regional Medical Center records indicate the claimant reported on September 12, 2011, complaining of chronic back pain with no neurological deficits. He had run out of medications, and was requesting medication refills for hypertension as well. Again, on December 15, 2011, the claimant presented with complaints of back pain, he had run out of medication, and had not followed up on his blood pressure. A physical therapy discharge summary dated July 23, 2012, notes that although the claimant reported he was completing his exercises as instructed, he was unable to recall them without reminders.

AR 16 (internal citations omitted).

The ALJ thus suggests at least two reasons to reject Dr. Song's opinion: (1) Dr. Song's conclusions are contradicted by the observations in her examination; (2) Plaintiff's generally conservative course of treatment (and failure to follow prescribed treatment) is inconsistent with her findings. Later on, the ALJ also notes that the similarity between the consultative examination in 2005 and 2011, and the fact that Plaintiff worked for long periods between those two examinations, suggests that Dr. Song's conclusions are not supported by evidence in the record because her examination came to a different conclusion than Dr. Tran's, even though the findings upon which those conclusions were based were identical. AR 17. In other words, the ALJ points out that Dr. Song's conclusions are contradicted by evidence within the record and that the opinions of the reviewing physicians, Drs. Forte and Wong, are supported by the independent clinical findings of Dr. Tran.

A plaintiff's lack of interest in pursuing treatment for symptoms can be a specific, legitimate reason to discredit a physician's opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995). However, there is scant evidence in the record to demonstrate that Plaintiff here was ignoring recommended treatment. It is true, as the ALJ explains, that Plaintiff appears to have had difficulty recalling the home exercises his physical therapist prescribed to him without prompting. AR 17, 307. However, his physical therapist, whose reports are included in the record, also explains that the "[e]ducation goals" of therapy have been met and that Plaintiff has demonstrated "fair compliance with [the] treatment regime and home exercise program." AR 307. Rather than faulting Plaintiff's non-compliance with the program, the physical therapist suggests that "with more frequent visits we could have progressed him to where increased strengthening did help diminish his pain," suggesting that it was the lack of sessions that impeded Plaintiff's progress, rather than his lack of compliance with the home exercise regime. AR 307. The therapist also notes that on a previous visit, Plaintiff was able to recall his home exercises without prompting. AR 307. Thus, there is not substantial evidence to discount Dr. Song's opinion on these grounds.

The ALJ's other two reasons for rejecting Dr. Song's opinion—that Dr. Song's conclusions are contradicted by her own individual findings and by evidence within the record— are both specific and legitimate reasons to reject a physician opinion. *Bayliss v. Barnhart*, 427

F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician opinion where physician's "other recorded observations and opinions" contradicted his ultimate conclusions); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (physician's finding of "marked limitations" legitimately rejected where "no substantial evidence existed demonstrating [plaintiff's] mental impairments prevented him from working").

Both reasons also appear to be supported by substantial evidence. Dr. Song's ultimate conclusions are contradicted by her own findings because she described Plaintiff as "able to ambulate slightly favoring his right leg while walking." AR 269. Moreover, she notes that he reports difficulty walking "even shopping in the grocery store" because his left ankle begins to swell and hurts him. AR 268. On examination, however, Dr. Song observed that the "[r]ange of motion of the left ankle is normal" and that there was no "swelling or tenderness to palpation." AR 270. His upper and lower extremities all tested within normal limits, as well, although there was decreased range of motion in his lumbar spine. AR 269-270.

Plaintiff takes exception to the ALJ's description of Dr. Song's findings as "essentially normal" and devotes a lengthy portion of his opening brief listing parts of the exam which were not "normal," in his opinion. (Opening Brief 10:21-11:6, ECF No. 13.) As Defendant correctly points out, however, the use (or even misuse) of the word "normal" is not the important point of inquiry here. Rather, the question is merely whether Dr. Song's ultimate conclusion—that Plaintiff is restricted to standing only 2 – 4 hours in workday—is supported by the underlying components of Dr. Song's examination. The fact that Plaintiff has one leg that is slightly shorter than the other may or may not be "normal." But the ALJ's use of the word merely questions whether Dr. Song's finding that Plaintiff's upper and lower extremities are all within normal limits can be squared with her conclusion that Plaintiff can only stand or walk for 2 - 4 hours per day. Such a determination is within the bounds of inquiry for an ALJ and constitutes a specific and legitimate reason to disregard a physician's opinion. *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (rejecting physician opinion where physician's "notes provide no basis for the functional restrictions he opined should be imposed").

Similarly, there is substantial evidence in the record (outside of Dr. Song's own notes) to

10

contradict her ultimate conclusions. In his 2005 examination with Dr. Tran, Plaintiff complained of back pain and pain in his left ankle. AR 285. Dr. Tran noted that his lumbar range of motion was 45 – 60 degrees (flexion); 30 degrees (lateral); and 30 degrees (extension). AR 287. She also noted that his right leg was one quarter inch longer than his left leg. AR 287. In Plaintiff's 2011 examination with Dr. Song, Plaintiff complained of back pain and pain in his left ankle. AR 268. Dr. Song noted that his lumbar range of motion was 50 degrees (flexion); 30 degrees (lateral); and 30 degrees (extension). AR 269. She also noted that that his right leg was one quarter inch longer than his left leg. AR 270. In other words, the underlying findings of the 2005 and 2011 examinations were substantially similar to each other; Plaintiff's condition was, by and large, the same in 2005 as it was in 2011.

Between 2005 and 2011, Plaintiff worked for significant periods of time as a janitor. AR 31 ("**Q.** But then we get to 2007. It says 'The World Trade Center of New Orleans.' And what were your duties there? **A.** Janitor."), 198. In fact, Plaintiff worked for over three years performing janitorial duties. AR 31 ("It was like taking out the trash, and stuff like that there, clean outside the building, you know, the trash outside, and stuff like that"), 198. Plaintiff's work, as described, would have required him to sit, stand, or walk for 6 – 8 hours each workday. AR 41-42. Thus, it would be reasonable for the ALJ to reject Dr. Song's conclusion Plaintiff is only capable of standing or walking for 2 – 4 hours each day; his job duties required him to do far more than this and his condition does not appear to have significantly deteriorated since then.[7]

Moreover, the only evidence in the record supporting Dr. Song's conclusion with respect to standing and walking restrictions appear to be self-reports by the Plaintiff. AR 268 (Plaintiff "states that with walking around, even shopping in the grocery store he has to lean on the basket because his left ankle hurts him"). At the point that the ALJ found Plaintiff not credible (a point that Plaintiff does not challenge), it was also within her discretion to discredit opinions based on

---

[7] Plaintiff makes a passing reference to Dr. Zheng's checkbox form stating that Plaintiff cannot work as support for Dr. Song's conclusions. But Dr. Zheng's form contains no written notes justifying his conclusion that Plaintiff cannot work for a year, nor do his other records reveal any other rationale for his conclusion. AR 302. Thus, the ALJ need not have given credit to that opinion and its existence does not undercut her rejection of Dr. Song's opinion. *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"), *quoting Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

his statements. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Given the weight of these facts, it was reasonable for the ALJ to reject the standing / walking restriction in Dr. Song's report.

## VI. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision that the Plaintiff is not significantly limited in his ability to perform basic work activities is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant, Carolyn W. Colvin, Commissioner of Social Security and against Plaintiff, Everette Lee Chaney.

IT IS SO ORDERED.

Dated:  **July 22, 2015**          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE